UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DARILYN ESPADRON, ET AL. | CIVIL ACTION |
| VERSUS | NO: 10-0053 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | SECTION: "A" (1) |

## ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 9)** filed by Plaintiffs Darilyn Espadron, Raymond Smith and Charles Smith, individually and on behalf of his minor son, DeShaun Smith. Defendant State Farm Mutual Automobile Insurance Company opposes the Motion. The Motion, set for hearing on June 9, 2010, is before the Court on the briefs without oral argument. For the reasons that follow, the Motion is **GRANTED**.

## I. BACKGROUND

On or about December 24, 2007, Plaintiff Raymond Smith was driving northbound on U.S. Route 90 in Jefferson Parish. Petition for Damages ("Petition"), ¶ 4. Traveling with

Raymond Smith were Plaintiffs Darilyn Espadron and DeShaun Smith.[1]  *Id*.  The vehicle Raymond Smith was driving was a 2007 Ford F-150 owned by Jason Kennedy.  *Id*. at ¶ 5.  The Ford was suddenly struck from behind by a 1996 Buick LeSabre owned and operated by Craig J. Rousseau.  *Id.* ¶ 4.  Plaintiffs allege that they suffered injuries as a result of this collision, and tendered claims to Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), who was Jason Kennedy's uninsured/underinsured motorist insurance provider.  *Id.* at ¶¶ 4, 13.  State Farm has not remitted any insurance proceeds to Plaintiffs.  *Id*. at ¶ 15.  Plaintiffs filed suit against State Farm in Louisiana State court for insurance proceeds.  State Farm then removed the suit to this Court.  *See* Notice of Removal (Rec. Doc. 1).  Plaintiffs now move to remand their case back to Louisiana State court.

## II. DISCUSSION

In support of their Motion to Remand, Plaintiffs argue that their damages are insufficient to support diversity jurisdiction, and therefore that this Court lacks subject matter jurisdiction over their claims.  In support of this contention, they each file a stipulation claiming that they each incurred, individually, no more than $50,000 worth of damages.  State Farm argues that it is clear from the face of Plaintiffs' Petition that their damages exceed the $75,000 threshold necessary to support diversity jurisdiction.  State Farm also asserts that Darylin Espadron and Raymond Smith have been diagnosed with back injuries, and that each has received a recommendation of surgery to address their respective back injuries.  State Farm argues that this medical evidence demonstrates that Plaintiffs' damages are in excess of $75,000.

---

[1]The petition refers to "DeShawn" Smith; Plaintiffs' Motion to Remand refers to him as "DeShaun."

"Diversity jurisdiction requires (1) complete diversity of the parties and (2) an amount-in controversy that exceeds $75,000." *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003), *citing* 28 U.S.C. § 1332(a). "[A] removing defendant's burden of showing that the amount in controversy is sufficient differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages." *Davis v. State Farm Fire & Cas.*, No. 06-560, 2006 WL 1581272, at *1 (E.D. La. June 7, 2006), *citing Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). If a plaintiff alleges damages in excess of the jurisdictional amount, "that amount controls if made in good faith." *Id*. If a plaintiff alleges less than the jurisdictional amount, this figure will generally control and therefore will bar removal. *Id.* "Thus, in a typical diversity case, the plaintiff is the master of his complaint." *Id.*

The analysis is different, however, where the relevant complaint originates in a state that does not bind a plaintiff to the amount of damages alleged in his complaint. *Davis*, 2006 WL 1581272, at *1; *see De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410-11 (5th Cir. 1995). Louisiana is an example of such a state. *See* La. Code Civ. Proc. Art. 862 ("A final judgment shall grant relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief."). Therefore, as a matter of law, plaintiffs filing suit in Louisiana state courts allege an indeterminate amount of damages, unless they affirmatively renounce their right to recover damages in excess of $75,000. *Jacobs v. Dun & Bradstreet, Inc.*, No. 08-3592, 2009 WL 211098, at *2 (E.D. La. Jan. 27, 2009); *Levith v. State Farm Fire & Cas. Co.*, No. 06-2785, 2006 WL 2947906, at *2 (E.D. La. Oct. 11, 2006). In order to be conclusive, stipulations renouncing the right to recover an amount greater than $75,000 must be filed pre-removal.

*Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Jacobs*, 2009 WL 211098, at *2. Post-removal, such stipulations will only be considered if the amount in controversy was ambiguous at the time of removal. *Id.*

In a situation where the plaintiff has alleged an indeterminate amount of damages, the defendant must prove by a preponderance of the evidence that the amount in controversy is sufficient to confer subject matter jurisdiction. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F.3d at 1335; *De Aguilar*, 47 F.3d at 1411; *Davis*, 2006 WL 1581272, at *2. A defendant can accomplish this either by showing that it is "facially apparent" that the plaintiff's claim exceeds the jurisdictional amount, or by demonstrating by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Simon,* 193 F.3d at 850; *Allen*, 63 F.3d at 1335.

Contrary to State Farm's contention, the Court finds that the extent of Plaintiffs' damages were unclear at the time of removal. Plaintiffs claim that they incurred damages in the form of "medical expenses . . . physical pain and suffering and loss of function . . . emotional distress . . . lost wages and diminished earning capacity . . . loss of enjoyment . . . [and] permanent partial disability." Petition at ¶ 8. This is merely a list of the categories of Plaintiffs' damages; it does not indicate the extent of those damages in any concrete fashion. The Notice of Removal does not clarify the amount of Plaintiffs' damages. Thus, at the time of removal, the extent of Plaintiffs' damages was indeterminate. Therefore, Plaintiffs' stipulations in support of their Motion to Remand are relevant and support, but do not prove, their contention that their damages are insufficient to support jurisdiction. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d at 883;

*Jacobs*, 2009 WL 211098, at *2.

State Farm also points to medical records for Darilyn Espadron and Raymond Smith indicating that they have back injuries. State Farm presents two letters from a Dr. K.E. Vogel, wherein Dr. Vogel states that Darilyn Espadron is suffering from a "herniated cervical disc [or] segmental cervical instability," and that Raymond Smith is suffering from a "herniated cervical disc [or] segmental cervical instability" as well as a "herniated lumbar disc [or] segmental lumbrosacral instability." *See* Exhibits 1 & 2 in support of State Farm's Opposition to the Motion to Remand. Dr. Vogel states that both individuals are "surgical candidate[s] pending [their] test results." *Id.* State Farm argues that Dr. Vogel's surgery recommendation indicates that Raymond Smith's and Darilyn Espadron's injuries are severe. State Farm also argues that a number of federal courts have awarded damages in excess of $75,000 to plaintiffs who have suffered spinal disc herniations. *See, for example, Nettles v. ENSCO Marine*, 980 F. Supp. 848 (E.D. La. 1997).

On numerous occasions, federal courts in Louisiana have confronted the precise question presented by Plaintiffs' Motion to Remand - whether plaintiffs who have sustained back injuries from a car crash have incurred sufficient damages to support diversity jurisdiction. *See, for example*, *Neal v. Bradley*, No. 97-1085, 1997 WL 282305 (E.D. La. May 23, 1997). A review of these cases shows that the distinguishing factor between cases finding remand to be appropriate and cases denying remand is the presence of a surgical recommendation. Where the plaintiff has received a surgical recommendation, federal courts generally find there to be sufficient damages to support diversity jurisdiction; where there has been no surgery recommendation, federal

courts generally find there to be insufficient damages to support diversity jurisdiction. *Compare, for example, Embry v. Southern County Mutual Ins. Co.*, No. 99-3677, 2000 WL 135920 (E.D. La. Feb. 4, 2000) (granting remand) *with Fradella v. Wal-Mart Stores, Inc.*, No. 04-1230, 2004 WL 2297474 (E.D. La. Oct. 13, 2004) (denying remand); *see also Fradella*, 2004 WL 229747 at *2 ("Plaintiff's cases [in support of remand] are distinguishable from Defendant's cases [challenging remand] in one telling respect: in [plaintiff's cases], the plaintiffs did not undergo surgical treatment."). In the instant case, there has been no surgical recommendation. Dr. Vogel has opined that Raymond Smith and Darylin Espadron are "surgical candidates pending [their] test results." This means that a recommendation of surgery is contingent on the outcome of certain medical tests. At this point, the outcome of the medical tests is indeterminate, the Court cannot discern whether Raymond Smith and Darylin Espadron will require surgery.

Ultimately, State Farm has presented the Court with the vague description of Plaintiffs' injuries from their Petition and a medical opinion stating that two of the Plaintiffs have suffered some back injuries and may, or may not, require surgery. Balancing this evidence against Plaintiffs' stipulations that their respective damages do not exceed $50,000, the Court concludes that State Farm has not met its burden of demonstrating that Plaintiffs' damages are sufficient to support diversity jurisdiction. The Court therefore lacks subject matter jurisdiction over Plaintiffs' suit.

Accordingly, and for the foregoing reasons;

**IT IS HEREBY ORDERED** that the **Motion to Remand (Rec. Doc. 9)** filed by

Plaintiffs Darilyn Espadron, Raymond Smith and Charles Smith, individually and on behalf of his minor son, DeShaun Smith is **GRANTED**.

This 9th day of August 2010.

                                                JAY C. ZAINEY
                                      UNITED STATES DISTRICT JUDGE